**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Docket no. 2:18-cv-00175-GZS |
| v. | ) ) | |
| HIRSCHBACH MOTOR LINES INC, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON MOTION TO TRANSFER VENUE**

Before the Court is Defendant's Motion to Transfer Venue (ECF No. 12), which seeks to transfer this case to the United States District Court for the Northern District of Iowa. Having reviewed the Motion as well as the related memoranda filed by both parties (ECF Nos. 17 & 18), the Court DENIES the Motion for the reasons explained below.

**I.    LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice … transfer any civil action to any other district or division where it might have been brought." This statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). In the exercise of that discretion, courts in the First Circuit consider not only "the convenience of parties and witnesses," but also "the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (citing Cianbro Corp. v.

Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987)); see Ahmed v. Mohammad, No. 08-257-P-H, 2008 WL 4457866, at \*3 (D. Me. Oct. 1, 2008) (discussing other factors relevant to the interest of justice). No single factor is determinative in the transfer analysis. Ashmore v. Northeast Petroleum Div. of Cargill, Inc., 925 F. Supp. 36, 38 (D. Me. 1996).

"As the First Circuit has explained, '[t]he burden of proof rests with the party seeking transfer.'" Multibene Ingredients Oy Ltd. v. Sturm Foods, Inc., 658 F. Supp. 2d 250, 252 (D. Me. 2009) (alteration in original) (quoting Coady, 223 F.3d at 11). Ordinarily, there is "a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." Johnson v. VCG Holding Corp., 767 F. Supp. 2d 208, 212 (D. Me. 2011) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)) (internal quotation marks omitted). Although a plaintiff's choice of forum is entitled to less deference where, as here, the plaintiff is a government agency, the presumption is not eliminated. E.E.O.C. v. Texas Roadhouse, Inc., No. 1:11-cv-11732-DJC, 2012 WL 5894910, at \*1 (D. Mass. Nov. 9, 2012); cf. Ashmore, 925 F. Supp. at 39 (noting that the First Circuit "has not established the rule … that when plaintiffs sue in a forum that is not their residence, their choice of venue is entitled to only minimal consideration").

## II.    FACTUAL BACKGROUND

Defendant Hirschbach Motor Lines, Inc. ("Hirschbach") is a trucking company incorporated in Iowa with its principle place of business in Dubuque, Iowa. Hirschbach currently employs 264 office workers in Dubuque and 415 truck drivers who reside throughout the United States. Of those truck drivers, forty-nine reside in Iowa and one resides in Maine.

In 2013, a former Hirschbach truck driver who resided in Maine, Michael Cote ("Cote"), filed a charge of discrimination against Hirschbach with the Maine Human Rights Commission

("MHRC"). Among other allegations, Cote claimed that Hirschbach failed to provide him with a reasonable accommodation for his disability. The MHRC investigated and issued Cote a right-to-sue letter in March 2015, which prompted the United States Equal Employment Opportunity Commission ("EEOC") to launch an investigation into Hirschbach through its Boston office. In May 2015, Cote filed suit in Maine Superior Court, but ultimately settled his case in July 2016. In April 2017, the EEOC completed its investigation and issued a determination that Hirschbach had engaged in systemic disability discrimination through its pre-employment examination practices. Following the release of its determination, the EEOC filed the instant suit alleging—pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1981a—that Hirschbach had engaged in discriminatory practices against disabled individuals ("Aggrieved Individuals").[1]

As part of this case, Hirschbach expects to call at least six witnesses. Those witnesses include three employees, all based in Iowa, and three outside medical professionals, of whom two are based in Iowa and one is based in Springfield, Massachusetts. According to Hirschbach, all three outside medical professionals have performed pre-employment medical examinations for the company and can testify as to what those examinations involve. The EEOC likewise suggests that it plans to call at least six witnesses. It represents that two of those potential witnesses, Michael Cote and "Aggrieved Individual" Aldon Dixon, reside in Maine. It also notes that, of the four

---

[1] EEOC's Complaint seeks both compensatory and injunctive relief. Specifically, it seeks damages for five "Aggrieved Individuals"— Darryl Zimmerle, Jose Mejia, Aldon Dixon, Darlene Wynn, and Ronald Ziobro—whom Hirschbach allegedly refused to hire because of disability. (Compl. (ECF No. 1), PageID #s 5-8.) It also seeks injunctive relief precluding Hirschbach from engaging in discriminatory practices, including its alleged practice of prohibiting injured or impaired truck drivers from working until they are free of restrictions (the "100% healed policy"). (Id. at PageID #s 6-7.) As an example of this practice, EEOC cites Michael Cote's experience whereby Hirschbach allegedly prevented Cote from working after his doctor restricted his hours due to injury. (Id.)

remaining witnesses—some of whom are presumably other "Aggrieved Individuals"—two reside in Michigan, one resides in New Jersey, and one resides in Georgia.[2]

## III. DISCUSSION

Hirschbach argues that a transfer to the Northern District of Iowa is warranted by the convenience of the parties and witnesses and would serve the interest of justice for various reasons. However, the Court concludes that Hirschbach has failed to sustain its burden of proving that the relevant factors "clearly" militate in favor of trial in Iowa. Johnson, 767 F. Supp. 2d at 212.

### A. Potential Jurisdiction in Transferee District

"A preliminary question" in resolving a motion to transfer venue "is whether the lawsuit could have been brought in the proposed transferee district." Canales v. Univ. of Phoenix, Inc., No. 2:11-cv-00181-JAW, 2012 WL 2499019, at *3 (D. Me. June 27, 2012). Here, the Court agrees with the parties that the EEOC could have originally filed the case in the Northern District of Iowa under the applicable venue provision of the ADA. See 42 U.S.C. § 12117(a) (incorporating by reference the procedures of 42 U.S.C. § 2000e-5); see also 42 U.S.C. § 2000e-5(f)(3) (stating that for purposes of motions to transfer venue "the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought"). Thus, the jurisdictional pre-requisite to transfer is satisfied.

### B. Convenience of the Witnesses

Though no single factor is determinative in the transfer analysis, numerous courts have noted that the convenience of the witnesses is the "most important" factor. Ahmed, 2008 WL

---

[2] EEOC does not explicitly identify the four non-Maine witnesses. However, the Court finds it likely that at least some of those four are other Aggrieved Individuals. It concludes as much because (1) the testimony of the Aggrieved Individuals is critical to Plaintiff's case; and (2) the residences listed by Plaintiff for the four witnesses mostly match the residences listed for the Aggrieved Individuals in their Hirschbach personnel files from 2014 and 2015. (See Kohlwes Aff. (ECF No. 12-1), PageID #s 46-47.)

4457866 at *2; see Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 440 (D.N.H. 1991) ("[t]he most important factor in deciding whether to transfer an action is the convenience of witnesses"). Here, despite Hirschbach's arguments to the contrary, this factor weighs against transfer.

Of the twelve witnesses expected to testify at trial, five reside in Iowa, two reside in Maine, one resides in Massachusetts, and the rest are scattered well outside of both forums. Hirschbach essentially contends that because more key witnesses reside in Iowa than anywhere else, this factor favors transfer. However, three of the five Iowa witnesses are Hirschbach employees whose convenience is entitled to less weight than the non-party witnesses in this case. See Texas Roadhouse, Inc., 2012 WL 5894910, at *2 ("the significance of the inconvenience to witnesses is diminished when the witnesses are the employees of one of the parties and their appearance can [] therefore be secured by the employer"). Those non-party witnesses would be better served by a trial in Maine—three such individuals live in or just outside Maine versus only two who reside in Iowa, and the rest would have to travel a long distance regardless of the forum.[3] Therefore, the Court concludes that § 1404(a)'s most important factor favors retaining jurisdiction.

## C. Convenience of the Parties

Hirschbach next argues that the convenience of the parties factor supports transfer. Specifically, it asserts that whereas it would be very costly for Hirschbach to pay for its employee witnesses to attend trial in Maine, a transfer to Iowa would result in little if any inconvenience to the EEOC. In support of the latter point, it points out that "[m]uch of the EEOC's argument concerning the 'convenience of parties' factor actually centers more on the convenience of its

---

[3] To the extent Hirschbach argues that Michael Cote's convenience matters less than that of the other witnesses because his testimony is not "key," the Court disagrees. Some courts have explained, as Hirschbach suggests, that the relative importance of the various witnesses is a pertinent factor in the transfer analysis. See Federman Assocs. v. Paradigm Medical Indus., Inc., No. 96 CIV. 8545(BSJ), 1997 WL 811539, at *2 (S.D.N.Y. Apr. 8, 1997). Here, Cote's testimony is crucial to the EEOC's case because he is the only identified witness who can attest to Hirschbach's alleged 100% healed policy for which Plaintiff seeks injunctive relief. Accordingly, Cote's convenience is entitled to just as much weight as that of the other important witnesses.

attorneys, which is not a proper consideration under § 1404(a)." E.E.O.C. v. FedEx Ground Package Sys., Inc., No. WMN-14-3081, 2015 WL 790500, at *2 (D. Md. Feb. 24, 2015). The EEOC counters by arguing that because it investigated this case out of its Boston office, it would be inconvenienced by a trial in a state as distant as Iowa. There is conflicting case law on the extent to which a government entity such as the EEOC can be inconvenienced in this manner. See, e.g., E.E.O.C. v. United Airlines, Inc., No. C 09-2469 PJH, 2009 WL 7323651, at *3 (N.D. Cal. Dec. 3, 2009) (finding that EEOC would not be "greatly inconvenienced" by litigating from its office closest to the transferee district); Golconda Mining Corp. v. Herlands, 365 F.2d 856, 857 (2d Cir. 1966) ("it would be inconvenient for the SEC, which investigated the case from its New York office, to try the case in Idaho"). However, even assuming this factor favors transfer, Hirschbach's showing is insufficient to overcome the convenience of the witnesses factor and the presumption in favor of Plaintiff's forum choice, which both support retention in Maine.[4]

## D. Interest of Justice

Lastly, the Court is unconvinced that the interest of justice would be advanced by transferring this case to Iowa. Initially, Hirschbach has presented no evidence regarding the relative congestion of the two dockets and, given the efficiency of this District, the Court cannot conclude that transfer would serve judicial economy. See Hurtubise v. Basil Waste Mgmt., Inc., No. 94-154-P-H, 1994 WL 587733, at *2 (D. Me. Oct. 7, 1994) ("[t]his District has a very efficient

---

[4] As for the availability of the documents, Hirschbach fails to demonstrate how this factor weighs against trial in Maine. This Court has explained that, "since most records and documents now can be transported easily or exist in miniaturized or electronic form … their location is entitled to little weight." Johnson, 767 F. Supp. 2d at 216 (quoting 15 Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3853 (2007 ed.)) (internal quotation marks omitted). Although Hirschbach avers that it keeps relevant documents in Iowa, it presents no evidence as to how getting them to Maine "would cause it hardship." Texas Roadhouse, Inc., 2012 WL 5894910, at *3. Thus, the Court concludes that this factor is essentially neutral. The Court also notes that the other two factors that the First Circuit instructs courts to consider, "the possibility of consolidation and the order in which the district court obtained jurisdiction," are only relevant if there are two separate actions. Canales, 2012 WL 2499019, at *4 n.3. Since that is not the case here, the Court need not discuss them.

docket"). Moreover, with that in mind, the Court is unpersuaded that Iowa's "local interest" in the case is so great as to push this factor in favor of transfer, especially given the evidence that Hirschbach had implemented its allegedly discriminatory policies by 2013 and 2014 before it moved its headquarters from Illinois to Iowa. (See Kohlwes Aff. (ECF No. 12-1), PageID #s 42, 43, 46 (noting that "Hirschbach relocated its headquarters to Dubuque, Iowa in 2015" and acknowledging that Cote filed his charge of discrimination in 2013 whereas three Aggrieved Individuals, Darryl Zimmerle, Jose Mejia, and Ronald Ziobro, applied for employment in 2014)). Under the circumstances, the Court concludes that this factor is neutral.[5]

## IV.    CONCLUSION

For all the reasons expressed above, the Court concludes that the balance of factors is insufficient to overcome the presumption in favor of Plaintiff's choice of forum. Therefore, Hirschbach's Motion to Transfer Venue (ECF No. 12) is DENIED.


        SO ORDERED.

                                            /s/ George Z. Singal
                                             United States District Judge

Dated this 26th day of November, 2018.

---

[5] That this case is in the early stages of the litigation does not change this conclusion. Although the nascent nature of a case may bolster a decision to transfer in some cases, see Ahmed, 2008 WL 4457866, at *3, the Court concludes that it fails to move the needle on the interest of justice in the context of this case. See Demont & Assocs. v. Berry, 77 F. Supp. 2d 171, 173 (D. Me. 1999) ("[w]isely it has not been attempted to catalogue the circumstances which will justify or require grant or denial of transfer. Given the statutory standards the decision is left to the sound discretion of the trial judge") (internal quotation marks omitted).