IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 2:18-cv-00175-GZS |
| Plaintiff, | |
| v. | |
| HIRSCHBACH MOTOR LINES, INC., | |
| Defendant. | |

## CONSENT DECREE

This cause of action was initiated on April 30, 2018, by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), an agency of the United States Government, alleging that Defendant Hirschbach Motor Lines, Inc. ("Hirschbach") engaged in unlawful employment practices in violation of Titles I and V of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. Specifically, EEOC alleges that Hirschbach violated the ADA by screening applicants for employment by using a "back assessment/back screen" that is not job-related or consistent with business necessity under 42 U.S.C §12112(b)(6) (hereafter the "Back Assessment Claim"). In addition, EEOC alleged that Hirschbach, in violation of the ADA, required that employees returning from medical leave be 100% free of restrictions and limitations (hereafter the "100% Healed Claim"). Hirschbach contends that its Back Assessment is job-related and consistent with business necessity and that it has not had a "100% Healed" policy.

The parties desire to settle this action amicably and to stipulate to the entry of this Consent Decree as final and binding between them and Hirschbach's parent organizations,

officers, directors, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates, and any other corporation, unit, or other entity with which Hirschbach may merge or consolidate.

In consideration of the mutual promises of each party to this Consent Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

**A. GENERAL PROVISIONS**

1. This Consent Decree resolves all matters related to Civil Action No. 2:18-cv-00175-GZS. This Consent Decree also resolves the issues raised in EEOC Charge Number 16B-2014-00124 ("the Charge"), which served as the jurisdictional prerequisite in this case. This Consent Decree does not resolve any other charge of discrimination currently pending before EEOC, or any charge that may be filed in the future, other than the Charge. EEOC reserves all rights to proceed with the investigation and/or litigation of any other charges and claims, including but not limited to, the investigation and litigation of any pending or future charges or claims against Hirschbach.

2. The terms of this Consent Decree represent the full and complete agreement of the parties.

3. The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

4. The parties have agreed that this Consent Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

5. The Parties shall not contest the validity of this Consent Decree, or the jurisdiction of the United States District Court to enforce this Consent Decree and its terms, or

the right of EEOC to bring an enforcement action or proceeding upon the breach of any term of this Consent Decree by the other Party.

6. The terms of this Consent Decree are adequate, fair, reasonable, equitable, and just. The rights of the Parties and the public interest are adequately protected by this Decree.

7. The provisions of this Consent Decree applicable to "Hirschbach" shall include all Hirschbach's officers, managers, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates and any other corporation or other entity into which Hirschbach may merge, or consolidate or otherwise become affiliated with.

8. The terms of this Consent Decree are and shall be binding upon the present and future subsidiaries, representatives, agents, directors, officers, successors and assigns of Hirschbach.

9. This Consent Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint, which Hirschbach expressly denies. Nothing contained in this Consent Decree shall be construed as an admission of liability on the part of Hirschbach.

10. The Effective Date of this Consent Decree shall be the date this Consent Decree is docketed by the Clerk of the Court after it is signed and/or receives approval from the Court.

### B. INJUNCTION

11. Hirschbach is enjoined from adopting any pre-employment qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity.

12. Hirschbach is enjoined from using the Back Assessment/Back Screen.

a. Notwithstanding this prohibition, Hirschbach may require, post-offer, each applicant for employment as a truck driver to take, in addition to the DOT physical and its Road Test, a separate assessment, which may be performed by a licensed medical professional, by other reasonably appropriate personnel, or by using specialized equipment designed to test physical abilities, requiring the applicant to demonstrate the following physical abilities: (1) stack boxes weighing up to 40 pounds to an overhead height; (2) carry, maneuver, and stack boxes weighing up to 50 pounds from the floor up to waist height; and (3) move oneself from under the front side of a trailer to the back side of a trailer in such a manner that would allow the applicant to inspect and make minor repairs and adjustments to components underneath the length of the trailer.

b. EEOC agrees that the following physical tests may be performed in order for an applicant to demonstrate the physical abilities set forth in paragraph 12a:

- Use two arms to lift a 40-pound barbell or other weight (or simultaneously lift a separate, 20-pound weight with each arm) above his or her head unassisted;
- Pick up a 50-pound barbell or other weight (or simultaneously lift a separate, 25-pound weight with each arm) from the floor to waist unassisted;
- Pick up a 50-pound barbell or other weight (or simultaneously lift a separate, 25-pound weight with each arm) from the floor to waist, and carry it a distance of 25 feet unassisted;
- Step up onto a chair (or raised platform of similar height) with both legs, holding onto a bar if necessary; and
- Crawl on his or her hands and knees for a distance of 20 feet. In the alternative,

the applicant may demonstrate this ability by moving for a distance of 20 feet while his or her head is no more than four feet off the ground.

  c. If an applicant is unable to successfully perform one or more of the physical tests described in paragraph 12b, the applicant may propose to Hirschbach a reasonable accommodation that the applicant believes would allow him or her to perform the required physical abilities described in paragraph 12a. Hirschbach will grant such an accommodation if it is reasonable, would allow the applicant to perform the required tasks, and would not impose an undue hardship on Hirschbach or pose a substantial danger to the applicant, other Hirschbach employees, or the public.

  13. Nothing in this Consent Decree shall be construed to require Hirschbach to violate regulations promulgated by the federal Motor Carrier Safety Administration.

### C. POLICIES AND PROCEDURES

  14. Hirschbach warrants that it does not have a 100% healed policy, as alleged in the Complaint. If this warranty is false, it shall be considered a violation of this Consent Decree.

  15. Within thirty (30) days of the Effective Date of this Consent Decree, Hirschbach shall adopt a Reasonable Accommodation Policy.

  16. The revised written policies must include, at a minimum:

  a. a statement regarding Hirschbach's obligations under the ADA;

  b. a statement regarding Hirschbach's responsibility to provide its employees reasonable accommodations under the ADA;

  c. a statement regarding Hirschbach's responsibility to engage in the interactive process with applicants and employees who may require accommodation;

    d. a statement that Hirschbach will determine, on an individual basis, whether each applicant or employee is able to perform the essential functions of the job with or without a reasonable accommodation;

    e. a clearly identified process and procedure for directing requests for accommodation to management or human resources; and

    f. an assurance that employees who request accommodations or make complaints of discrimination or provide information related to such complaints will be protected against retaliation, and that any complaints of retaliation can be directed to Human Resources, where they will be promptly, thoroughly, and impartially investigated.

  17. This policy will be included in any relevant policy or employee manuals kept by Hirschbach or any internal company website containing information accessible to employees.

  18. Within thirty (30) days of the Effective Date of this Consent Decree, Hirschbach shall provide a copy of its revised policy as described in paragraphs 16-17 above to EEOC for review. EEOC shall have fifteen (15) days to review the revised policies for approval.

  19. Within thirty (30) days after completion of the policy review and revision required under paragraphs 16-18 above, the written policy shall be posted in the breakroom at Hirschbach's home office in Dubuque, Iowa, and distributed to each current employee.  The written policy shall be distributed to all new employees when hired.

 **D. NOTICES AND POSTINGS**

  20. Within five (5) business days after the Effective Date of this Consent Decree, Hirschbach shall post in the breakroom at its home office in Dubuque, Iowa, and its terminal in East Dubuque, Illinois, an eight and a half (8 ½) inches by eleven (11) inches laminated copy of the Notice attached as <u>Attachment A</u> to this Consent Decree. The Notice shall remain posted for

the duration of this Consent Decree. If the Notice becomes defaced or illegible, Hirschbach will replace it with a clean copy. Hirschbach shall certify to the Commission, in writing, within thirty (30) days of entry of this Consent Decree that the Notice has been properly posted, including identifying the location where the Notice has been posted. Hirschbach shall provide recertification in each of the reports required under the Reporting provisions of this Consent Decree.

### E. TRAINING

21. Within ninety (90) days of the entry of this Consent Decree, Hirschbach will provide two hours of training to all Human Resource employees and the Orientation Supervisor(s). Hirschbach will use a training course that includes the Americans with Disabilities Act and the reasonable accommodation obligation. Such training shall also be given to all Human Resources employees and Orientation Supervisor(s) within one (1) year of their promotion or hire. A certificate or other proof of course completion by all employees of this training shall be provided to EEOC within two weeks of the initial training and annually thereafter.

### F. MONETARY RELIEF

22. As part of the settlement of this action, within thirty (30) days of the Effective Date and the receipt by Hirschbach of the Release of Claims attached as Attachment B from each individual, whichever is later, Hirschbach will pay the total sum of $40,000.00 to the following individuals as follows:

　　a. Darrell Lee Zimmerle Estate: $6,500, less lawful withholdings, for alleged lost wages, and $13,000.00 for alleged compensatory damages.

b. Darlene Wynn: $2,000, less lawful withholdings, for alleged lost wages, and $17,000.00 for alleged compensatory damages.

   c. Aldon Dixon: $1,500, less lawful withholdings, for alleged lost wages.

23. Hirschbach shall issue a Form W2 for payments characterized as alleged lost wages, and a Form 1099 for payments characterized as alleged compensatory damages. Hirschbach will cause the checks for the above amounts to be sent via express mail to EEOC at the Boston address in paragraph 26, and EEOC will forward them to the recipients.

### G. MONITORING AND REPORTING

24. Hirschbach shall furnish to EEOC written Reports twice annually during the first year, and then annually each year thereafter, for a total period of three (3) years following entry of this Consent Decree. The first Report shall be due six (6) months after the entry of this Consent Decree, and the second Report shall be due by August 31, 2020. The subsequent reports shall be due thereafter by each August 31st, with the final Report being due by August 31, 2022. Each such Report shall contain:

   (a) A certification that Hirschbach is using the revised policies described in Paragraphs 15-16, above;

   (b) A certification that the Training set forth in Paragraph 21, above, has occurred, a list of the employees attending, and the date(s) on which the Training occurred; and

   (c) A certification that the Notice required to be posted in Paragraph 20, above, remained posted and visible during the entire six (6) month period preceding the first Report, or during the entire twelve (12) month period between the current Report and the most recent preceding Report.

25. EEOC may review compliance with the provisions of this Consent Decree, which may include any action reasonably calculated to determine whether Hirschbach is complying with the Consent Decree.

26. Except as otherwise provided for in this Consent Decree, all notifications, reports, and communications to the parties required under this Consent Decree will be made in writing and will be sufficient as emailed or mailed to the following persons (or their designated successors):

        For EEOC:        Consent Decree Monitor
                            EEOC Legal Unit
                            33 Whitehall Street, 5th Floor
                            New York, NY 10004
                            Decreemonitor.nydo@eeoc.gov

                            <u>and</u>

                            Markus Penzel, Senior Trial Attorney
                            EEOC – Boston Area Office
                            JFK Federal Building, Room 475
                            Boston, MA 02203
                            markus.penzel@eeoc.gov

        For Hirschbach:

                            Brian Kohlwes
                            General Counsel & Vice President of Risk Management
                            Hirschbach Motor Lines, Inc.
                            2460 Kerper Blvd.
                            Dubuque, IA  52001

**H. DISPUTE RESOLUTION**

27. In the event that EEOC believes that Hirschbach has failed to comply with any provision(s) of the Consent Decree, EEOC will notify Hirschbach and Hirschbach must make a

good faith attempt to cure any breach of the Consent Decree within twenty-one (21) business days of notification.

28. Following the twenty-one (21) business days to cure period, EEOC shall have the right to seek Court intervention.

29. No party shall contest the Court's jurisdiction to enforce this Consent Decree and its terms or the right of EEOC to bring an enforcement suit upon breach of any term of this Consent Decree. Breach of any term of this Consent Decree should be deemed to be a substantive breach of this Consent Decree. The Court will retain jurisdiction over any such enforcement proceeding during the duration of the Consent Decree. Nothing in this Consent Decree will be construed to preclude EEOC from bringing proceedings to enforce this Consent Decree in the event that Hirschbach fails to perform any of the promises or representations herein.

### I. COSTS

30. Each party to this Consent Decree shall bear its own attorneys' fees and costs associated with this litigation.

### J. NOTIFICATION OF SUCCESSORS

31. During the duration of this Consent Decree, Hirschbach shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or substantially all of Hirschbach's assets, and to any other potential successor, of the existence and contents of the Consent Decree.

**K. DURATION OF CONSENT DECREE**

32. The duration of the Consent Decree shall be in effect for a period of three (3) years from the Execution Date, unless there is an open dispute under paragraphs 28-30, in which case the Consent Decree shall be extended until the dispute is resolved.

33. EEOC has the ability to enforce the terms of this Consent Decree as to any alleged breaches to which EEOC has notified Hirschbach in writing not less than thirty (30) days before the expiration of this Consent Decree.

34. The Court retains jurisdiction over this action during the duration of this Decree.

**SO ORDERED, ADJUDGED, AND DECREED**

Dated: August 21, 2019    /s/ George Z. Singal
George Z. Singal
U.S. District Judge

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

s/ Jeffrey Burstein
JEFFREY BURSTEIN
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3770
jeffrey.burstein@eeoc.gov

MARKUS L. PENZEL
Senior Trial Attorney
OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3193 (telephone)

(617) 565-3196 (fax)  
Markus.penzel@eeoc.gov

**FOR HIRSCHBACH MOTOR LINES, INC.**

    s/James R. Erwin  
James R. Erwin  
Pierce Atwood  
254 Commercial Street  
Portland, Maine  04101  
(207) 791-1237 (telephone)  
(207) 791-1350 (fax)  
jerwin@pierceatwood.com

# ATTACHMENT A

## NOTICE

1. This notice to all employees of Hirschbach Motor Lines, Inc. is being posted and provided as part of a Consent Decree resolving a lawsuit under the Americans with Disabilities Act ("ADA") between Hirschbach Motor Lines, Inc (hereafter "Hirschbach"), as Defendant, and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, as Plaintiff. Hirschbach denied the allegations of the lawsuit. As part of the resolution of this matter, Hirschbach has agreed to revise its pre-employment Back Assessment test.

2. As part of the resolution of this matter, Hirschbach has also agreed to a) issue a written ADA Reasonable Accommodation Policy; b) provide two hours of training to all Orientation Supervisors and Human Resources employees; and make payments to three applicants denied employment because of the prior Back Assessment test.

3. Federal law requires that there be no discrimination against any employee or applicant for employment because of sex, race, national origin, color, religion, age, or disability. Employees are also protected from retaliation for complaining about unlawful discrimination or for otherwise opposing unlawful discriminatory conduct.

4. Hirschbach will continue to comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperating with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, or the Equal Pay Act.

5. The Equal Employment Opportunity Commission maintains offices throughout the United States. Its toll-free telephone number is 1-800-669-4000.

SIGNED this ___ day of _____, 2019.


_____
Brian Kohlwes
General Counsel & V.P. of Risk Management



**THIS NOTICE SHALL REMAIN POSTED UNTIL _____ , AND SHALL NOT BE DEFACED OR OBSTRUCTED**.

# ATTACHMENT B

## RELEASE OF CLAIMS

In consideration for $_____ paid to me by Hirschbach Motor Lines, Inc., in connection with the resolution of *EEOC v. Hirschbach Motor Lines, Inc.,* Civil Action No 2:18-cv-00175-GZS, I forever waive and fully release my right to recover for any claims of discrimination arising under Title I of the Americans with Disabilities Act that I had against Hirschbach Motor Lines, Inc. prior to the date of this release that were included in the claims alleged in EEOC's complaint in *EEOC v. Hirschbach Motor Lines, Inc.*, Civil Action No. 2:18-cv-00175-GZS (D. Me.).

Date: _____  Signature: _____

Print Name: _____